## WALTER *a.* LOCKWOOD.

*Supreme Court, Sixth District; General Term, October,* 1856.

ACTION TO RECOVER REAL PROPERTY.—FORM OF COMPLAINT.

The complaint in an action brought under the Code to recover the possession of real property, need not be drawn in the form employed in declarations in eject-ment suits under the Revised Statutes.

Both the complaint and the answer in such actions should conform to the rules of pleading laid down in the Code, and their sufficiency is to be tested by those rules.

The cases of Warner *v.* Nelligar (12 *How. Pr. R.*, 402), and Lawrence *v.* Wright (2 *Duer,* 673)—disapproved.

Form of complaint in action to recover possession of real property.

Appeal from a judgment entered on the report of a referee.

This action was brought to recover the possession of a lot of land situated in the village of Watkins, in Schuyler county. The complaint in the action was as follows:—

TITLE OF THE CAUSE.

John Walter, plaintiff.—The complaint of the above named respectfully shows to this court that he has lawful title, as the owner in fee simple, to the following described real estate, situate in the village of Watkins, county of Schuyler, and State of New York, and bounded as follows, viz.: Begin-ning at the southeast corner of said lot of land, on the north side of Warren-street, in said village, and running from thence westerly, on the said north side of Warren-street, thirty-five feet to an alley; thence northerly on the east side of said alley, one hundred feet to the southwest corner of a lot of land this day articled by the said party of the first part to William Harrings; thence on the dividing line between said Harrings' lot and the one hereby conveyed easterly thirty-five feet to the northeasterly corner of said lot, and thence southerly on the line of lots one hundred feet to the place of beginning, it being the equal south half part of a certain lot of land purchased by the said party of the first part of Samuel Watkins and his wife Cyn-thia Ann, on the tenth day of May, in the year one thousand

eight hundred and fifty-two, as by reference to the deed thereof made by the said Samuel Watkins and his wife will more fully appear. And that the said defendant is in possession of the said real estate above described, and unlawfully withholds possession of the same from the said plaintiff. Wherefore the said plaintiff demands that the said defendant may be adjudged to surrender the possession of said real estate to the said plaintiff, and to pay said plaintiff damages for the unlawful withholding of the same, and for the rents and profits thereof, to the sum of five hundred dollars, besides costs.

GIBBS & BEVERIDGE, *Pl'tffs Att'ys.*

The answer contained a general denial of the allegations in the complaint.

The issues were tried before a referee, who dismissed the action on the ground that the complaint *did not state facts sufficient to constitute a cause of action.* Judgment was entered in favor of the defendant for costs, and the plaintiff now appealed therefrom to the general term.

*B. F. Gibbs*, for the appellant.

*Woods & Jamison*, for the respondent.

BY THE COURT*—BALCOM, J.—The complaint is sufficient to entitle the plaintiff to recover. The form of the complaint in actions to recover the possession of real property, need not be like declarations in ejectment suits under the Revised Statutes. The complaint in actions of this nature must state facts instead of fictions ; and its sufficiency must be tested by the Code and not by the Revised Statutes. The answer must also conform to the Code. The only provisions of the Revised Statutes, which have been made applicable to actions for the recovery of real estate, are those that relate " to the *subject-matter*" of the actions (*Code*, § 455), and not those that relate to the *form* of such actions, or the contents of the pleadings therein. .

I think Mr. Justice Harris erred in supposing the mode of pleading in such actions, which was prescribed by the Revised Statutes, must still be adopted (Warner *v.* Nelligar, 12 *How. Pr. R.*, 402), and if he erred, the decision in Lawrence *v.* Wright

---

* Present, Shankland, Mason, Gray, and Balcom, JJ.

(2 *Duer*, 673) is also erroneous. I am of opinion that the judgment in the action should be reversed, and a new trial ordered, with costs to abide the event.

MASON, J., delivered an opinion sustaining the same conclusion.

SHANKLAND and GRAY, JJ., concurred.

Judgment reversed, and new trial ordered, costs to abide the event of the action.