Townsend, Circuit Judge.
This is a demurrer to a bill in equity for relief for infringement of letters patent No. 408,416 for an improvement in floral letters or designs. The first ground of demurrer assigned is “that it appeareth by the complainant’s own showing by the said bill that he is not entitled to the relief prayed for.” Under this demurrer, defendant claims that the bill is defective (1) because it states that the alleged invention had not been in public use or on sale for more than two years prior to the application of complainant with his consent or alhwance; (2) because complainant, while stating the date on which he *824 became the owner of the patent, has failed to allege ownership at the date of filing his bill. The complaint is defective in both these particulars. Blessing v. Trageser, 34 Fed. Rep. 753. The first ground of the demurrer is sustained, with liberty to the complainant to amend within 20 days without costs.
The second ground of demurrer assigned is want of patentable novelty on the face of the patent. The patent is for an improvement in floral letters or designs, whereby, instead of tying single flowers to a toothpick, and sticking them, when so tied, into a floral piece, so as to form a letter or design thereon, the letter or design is first cut out of some stiff material, and the flowers fastened to it. When the form is complete, it is fastened to the floral piece by toothpicks. The question is whether this improvement involves invention. The patentee alleges that he is the first inventor and discoverer of this improvement. He claims that the questions of novelty and utility were heard and decided in his favor by the commissioner of patents, and that his invention has displaced all other methods of making floral designs. The question of patentable-novelty is a question of fact, and, except in a very clear case, it ought not to be decided until after an opportunity has been given to submit evidence thereon. Blessing v. Trageser, supra; Dick v. Supply Co., 25 Fed. Rep. 105. And where this question is doubtful, an extensive use by the public may serve to resolve the doubt in favor of the patentee. Topliff v. Topliff, 59 O. G. 1257, 12 Sup. Ct. Rep. 825: I am not satisfied that the want of patentable novelty is so palpably manifest on the face of the patent that the bill of complaint should be dismissed on demurrer. The second ground of demurrer is overruled.