Lotz, J.
The appellee was plaintiff and appellant defendant in the court below. In her complaint, the appellee alleged that on the 23d day of May, 1891, her husband joining with her, she executed a mortgage upon certain real estate owned by her in Elkhart county, to secure the payment of a note of the same date due in one year after date and payable to the defendant for the sum of $50; that said mortgage was thereafter duly recorded in mortgage records of said county; that afterwards and *563 before the maturity of said, note she paid the defendant the full amount of principal and interest due thereon; that after the payment of said note and mortgage she requested the defendant to release said mortgage of record, but that defendant wholly failed and refused to release the same. She prayed judgment for $25 penalty and $25 attorney’s fees, and for all other proper relief. The main purpose of the action seems to have been to recover the penalty provided for in section 1105, R. S. 1894. The appellant answered in denial and the cause was submitted to a jury, which assessed appellee’s damages in the sum of $25. The complaint was not challenged in the court below. The assignments of error are: First, that the complaint does not state facts sufficient to constitute a cause of action; and, second, the overruling of appellant’s motion in arrest of judgment.
Section 1105, supra, provides that the owner or holder of any mortgage or other person whose duty it shall be to release any mortgage recorded in this State, who shall refuse, neglect, or fail to release such mortgage of record when the debt or obligation which such mortgage was made to secure, shall have been paid or discharged and he shall have been requested to release the same, shall forfeit and pay to the mortgagor or person having the right to demand the release of such mortgage, the sum of $25, which sum may be recovered by suit in any court of competent jurisdiction, together with reasonable attorney’s fees incurred in the collection of said penalty.
The appellant insists that the policy of the law is opposed to the enforcement of penalties and forfeitures, and that statutes which give them must be strictly construed, and that a complaint seeking to enforce them must make a clear and unequivocal case. This much may be conceded.
*564 Filed Jan. 16, 1895.
Tlie only objection urged, against the complaint is that it does not affirmatively appear that the appellant was the owner or holder of the mortgage at the time of payment, or that any duty rested upon him to make the release when requested to do so. It is true there are no direct averments to this effect; but it is averred that the appellee executed the mortgage to secure the payment of a note payable to the appellant, and that she afterwards fully paid the same to him and requested him to release the mortgage. It sufficiently appears from, these averments that at one time he was the owner and holder of the note and mortgage, to wit, at the time of the execution. The relation of mortgagor and mortgagee is fully established and shown by these averments. A status once established, or a relationship once shown to exist, is presumed to continue until the contrary appears. Eames v. Eames, 41 N. H. 177; Kidder v. Stevens, 60 Cal. 414.
Especially should this presumption be indulged when it further appears that the person named as the payee and mortgagee accepted payment.
We think the complaint good after verdict.
Judgment affirmed.