## LETTELIER v. MANN et al.

### (Circuit Court, S. D. California. February 1, 1897.)

### No. 697.

PLEADING IN PATENT INFRINGEMENT SUITS—ALLEGATIONS OF OWNERSHIP.
    A bill by the patentee for infringement must allege that he owned the patent at the time of filing the bill. It is not sufficient to show merely that the patent was issued to him at a certain prior date, and that, on filing the bill, he had possession, and made profert thereof.

This was a suit in equity by John G. Lettelier against William Mann and George E. Johnson, co-partners, etc., for alleged infringement of letters patent No. 482,484, issued September 13, 1892, to complainant, for an improvement in machines for forming channel strips, etc. The cause was heard on demurrer to the bill.

H. C. Dillon, for plaintiff.

James E. Knight and C. K. Holloway, for defendants.

WELLBORN, District Judge.    This is a bill in equity, to enjoin the defendants from using a certain patent, and to recover damages for past infringements.    The bill alleges:

"That your orator is the original and first discoverer and inventor of a new and useful improvement in machines for forming channel strips for use in the manufacture of open-topped fruit baskets and boxes. That he filed his application for a patent on said discovery and invention in the United States patent office on the 28th day of March, 1891. That thereupon such proceedings were regularly had and duly taken that a patent was duly issued to your orator from the United States of America for his said discovery and invention on the 13th day of September, A. D. 1892, which said patent was and is numbered 482,484, and which said patented improvement in machines for forming channel strips had not been known, used, or published prior to the said discovery, invention, and application of your orator. That a description and specification of the aforesaid discovery and invention is given in the schedule to the aforesaid letters patent, and the aforesaid patent and the specification thereto annexed (which, or a copy of which, duly exemplified, your orator will produce, as your honors may direct) were duly recorded in the patent office of the United States, duly signed and authenticated, as by the said letters patent and specification in due form of law, ready in court to be produced, will fully appear."

Then follow allegations as to infringement and damages.

A demurrer has been interposed on several grounds, the first of which is:

"That it does not appear by the said bill of complaint that the letters patent therein alleged to have been issued to John G. Lettelier were owned by the said Lettelier at the date of filing the said bill of complaint."

In support of his bill, as against this ground of demurrer, plaintiff alleges that said bill shows that said letters patent, long prior to the commencement of the suit, were duly issued to him by the United States government, and "that a status once established is presumed by law to remain until the contrary appears"; citing Kidder v. Stevens, 60 Cal. 414, and Eltzroth v. Ryan, 89 Cal. 135, 26 Pac. 647. While these cases support complainant's contention, later California decisions are directly to the contrary.

In Holly v. Heiskell, 112 Cal. 174, 44 Pac. 466, the court says:

"Appellant contends that the judgment must be reversed because there is no averment in the complaint that respondent was the owner or entitled to the possession of the property sued for at the time the action was brought; and, under the authorities, the contention must be sustained. In a suit to recover personal property, the complaint must show the ultimate fact that plaintiff was the owner or entitled to possession at the time of the commencement of the action; and it is not sufficient to merely aver that he was the owner or entitled to possession at some period prior to that time. It was so expressly held in Fredericks v. Tracy, 98 Cal. 658, 33 Pac. 750, Affierbach v. McGovern, 79 Cal. 269, 21 Pac. 837, and Masterson v. Clark (Cal.) 41 Pac. 796; and the two first-named cases were referred to approvingly in the still more recent case of Williams v. Ashe, 111 Cal. 180, 43 Pac. 595. Counsel for respondent seek to show us a distinction between those cases and the case at bar, but we are not able to see it. In Affierbach v. McGovern, supra, there was no demurrer to the complaint. In the case at bar the only averment of the respondent's ownership or right of possession is 'that on the 22d day of April, 1895, plaintiff was the owner and entitled to the possession of the following described personal property, to wit.' And the action was not commenced until after the said 22d day of April. Under the authorities above cited, the complaint does not state facts sufficient to constitute a cause of action; and, of course, that objection can be taken at any time."

Substantially to the same effect are Vance v. Anderson (Cal.) 45 Pac. 816, and McCaughey v. Schuette (Cal.) 46 Pac. 666. In the former the court says:

"It will be observed that while the complaint avers seisin and possession in the plaintiff on the 1st day of May, 1894, it fails to state that she was so seised at the date of the suit brought, which was May 19, 1894, or at any time after May 1st. This was, we think, a failure of an essential allegation in the complaint. It is true that in some of the earlier cases in this court a complaint in ejectment was, in effect, differentiated from those in other actions, and precisely similar complaints with this were held sufficient. * * * Kidder v. Stevens, 60 Cal., at page 420."

In harmony with these later California cases is the case relied on by defendants,—Krick v. Jansen, 52 Fed. 823.

Complainant, however, further insists that:

"The ownership of the patent and title in complainant is further shown by his allegation, from which it appears that complainant is in possession of the letters patent, and makes profert of them. This allegation alone, Mr. Foster says in his Federal Practice (section 77), is sufficient allegation of title."

That part of said section 77 of Foster's Federal Practice to which complainant refers, I presume, is the following:

"It has been held to be a sufficient allegation of title and infringement for the plaintiff to allege that he 'was the true, original, and first inventor of a certain new and useful improved application of steam power to the capstan of vessels, not known or used before'; 'that a description or specification of the aforesaid improvement was given in his schedule to the aforesaid letters patent annexed, accompanied by certain drawings referred to in said last-mentioned schedule, and forming part of said letters patent (the said letters patent and the said specification thereto annexed—which, or an exemplified copy of which, your orators will produce, as your honors may direct—were duly recorded in the patent office)'; and 'that the defendant is now constructing, using, and selling steam-power capstans for vessels in some parts thereof substantially the same in construction and operation as in the said letters patent mentioned.'"

The citations of the author in support of said text are McMillin v. Transportation Co., 18 Fed. 260, 261, and McCoy v. Nelson, 121 U. S. 484, 7 Sup. Ct. 1000. In neither of these cases, however, was the objection made that the bill did not adequately allege complainant's ownership. Moreover, in the latter case, as appears from the opinion of the court, the allegation of ownership was expressly made. After enumerating some of the allegations of the bill, the opinion proceeds thus: "The bill then alleges that the plaintiff was, and is, the owner of the patent."

Without passing upon the other grounds of the demurrer, I hold that the first is well taken. Demurrer sustained, with leave to the complainant to amend within 10 days, if he should be so advised.