ARROTT v. STANDARD MFG. CO.

(Circuit Court, W. D. Pennsylvania. April 2, 1902.)

No. 16.

PATENTS—INFRINGEMENT—BILL OF COMPLAINT—SUFFICIENCY.

In a suit in equity for the infringement of a patent, a bill of complaint setting forth the making of the invention by complainant, his fulfillment of the statutory terms entitling him to letters patent, his due application therefor, and the grant thereof to him, and alleging that complainant has been, and, but for defendant's infringement, and others of like character, would still be, in the undisturbed enjoyment of the exclusive privileges secured to him, etc., is sufficient, and need not aver, in set words, complainant's ownership of the patent at the date of the filing of the bill.[1]

---

[1] Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

In Equity.   Sur demurrer to bill.   See 113 Fed. 389.

Christy & Christy, for complainant.

Lyon & McKee, for defendant.

ACHESON, Circuit Judge.   The causes of demurrer insisted on are:

"Second. That said complainant, in his bill of complaint, does not aver that he now is, or at the time of the filing of said bill was, the owner of said letters patent and invention.   Third. That said complainant, in his bill of complaint, does not aver that he now is, or was at any time, the owner of said letters patent and invention, or of any rights or privileges thereunder."

In support of these propositions counsel cites Krick v. Jansen (C. C.) 52 Fed. 823, and Lettelier v. Mann (C. C.) 79 Fed. 81.   But it is enough to say that in the former of these cases the plaintiff, it seems, was not the patentee, as here, and what his precise statement as to the ownership was does not appear; and in the latter case, manifestly, the court was influenced, if not controlled, by decisions of the local courts as to the equity practice in the state of California in framing bills.   Now, it is true that this complainant's ownership of the patent in suit at the date of the filing of his bill is not averred in the bill in the set phrases of the demurrer, but in substance and legal effect such ownership is averred.   The bill particularly sets forth the making of the invention by the complainant; his fulfillment of the statutory terms, conditions, and requirements entitling him to letters patent therefor; his due application for the same, and the grant thereof to him; and, going beyond this, the bill avers that the complainant has been, and but for the defendant's infringement complained of and others of like character would still be, in the undisturbed possession, use, and enjoyment of the exclusive privileges secured to him by the patent; and he makes profert of the letters patent.   Proof of the matters alleged would make out a prima facie case for relief.   More, therefore, the complainant was not bound to aver.   If since the issue of the patent he has lost title, by assignment or otherwise, that is a matter to be shown in defense.   That the averments of the bill are sufficient to put the defendant upon its answer, I cannot doubt.

The demurrer is overruled, with leave to the defendant to answer the bill within one week.