RAUHE v. JUSTI et al.

(District Court, E. D. Pennsylvania. April 24, 1912.)

No. 763.

1. COURTS (§ 290*)—SUIT FOR INFRINGEMENT—JURISDICTION.

A suit for infringement of patents is within the jurisdiction of a District Court of the United States under Judicial Code (Act March 3, 1911, c. 231, § 24 [7], 36 Stat. 1092 [U. S. Comp. St. Supp. 1911, p. 136]), as one arising under the patent laws, although the bill alleges a license to the defendant for the purpose of showing acquiescence in the patents, where

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it also shows that the license has expired, and bases no right of action thereon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 832; Dec. Dig. § 290.*

Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

**2. PATENTS (§ 328*)—INVENTION—ARTIFICIAL TEETH.**
The Rauhe patents, No. 801,911 and No. 821,192, for improvements in sets of artificial teeth, are not void on their face for lack of novelty and invention.

In Equity. Suit by Carl Rauhe against Henry D. Justi and Henry M. Justi. On demurrer to bill. Overruled.

Frank V. Briesen and Henry P. Brown, for complainant.
E. Hayward Fairbanks, for defendants.

WITMER, District Judge. [1] The bill in equity sets up letters patent No. 801,911 and No. 821,192, for improvement in sets of artificial teeth, and charges the defendants with infringement, and praying for an injunction, decree for profits, and damages. The bill refers to a license showing that the defendants had formerly acquiesced in the rights claimed by the complainant under the patents. It furthermore avers that the defendants without license or allowance, and against the will of the complainant's rights, well knowing the same, unlawfully and wrongfully did make, construct, use, and vend to others to be used the inventions of said letters patent, and are threatening to continue so to do.

The allegations of the bill must be accepted as verity, the case being presented on demurrer. The license is not now in force, and it will be noticed that the complainant does not rest his right of recovery on the same. It is only incidentally mentioned showing former recognition of complainant's rights secured to him under the patents. The controversy, as appears by the bill, is not regarding such former license or contract, as distinguished from St. Paul Plow Works v. Startling, 140 U. S. 184, 11 Sup. Ct. 803, 35 L. Ed. 404, and other cases cited by defendants. The cause of action or ground of relief is the infringement of the patents. It arises, not out of contract, but under the patent laws, and is therefore properly cognizable by the District Court of the United States under the provision of the several acts of Congress pertaining thereto. The right to use the invention, whether by license from complainant, invalidity of the patents, and infringement, are usually matters of defense, and may be pleaded in answering the complainant.

[2] Nor does it appear that the want of novelty and invention of the device patented is so palpable that it is impossible that evidence of any kind could show the fact to be otherwise. The patented article seems to be in demand, and an opportunity of proof should be afforded to support and justify the action of the Patent Office. American Fibre Co. v. Buckskin-Fibre Co., 72 Fed. 508, 18 C. C. A. 662; Krick v. Jansen (C. C.) 52 Fed. 823; Victor Co. v. Hawthorne Co., 178 Fed. 455, 101 C. C. A. 439.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The bill is entirely sufficient to put the defendants upon their answer, and the rights of the parties will be properly and adequately adjusted in the further proceedings of the case.

The demurrer is overruled, and the defendant is required to answer within 20 days.