CHARLES J. HURYTA ET AL., APPELLEES, V. WILLIAM G. WHITE, APPELLEE, IMPLEADED WITH GILBERT E. DEITEMEYER ET AL., APPELLANTS, IMPLEADED WITH NATIONAL MANAGEMENT CORPORATION, INC., A CORPORATION, APPELLEE.

165 N. W. 2d 354

Filed February 20, 1969. No. 36927.

Higgins, Higgins & Huber, Crosby, Pansing, Guenzel & Binning, and Donn E. Davis, for appellants.

Moller R. Johnson, for appellees Huryta.

William G. White, pro se.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER and ACH, District Judges.

KOKJER, District Judge.

This is an action brought under the provisions of the Blue Sky Law, effective at the time involved but since repealed. Charles J. Huryta and Maud E. Huryta, who had purchased 250 shares of stock issued by the National Management Corporation, Inc., sought to rescind the sale, return the stock to defendants, and recover the purchase price of $2,500. Defendants, in addition to the corporation, were William G. White, president, Gilbert E. Deitemeyer, vice president, Frank Marsh, secretary-treasurer, Robert W. York and F. Stanton Brown, directors, and Marvin Wilson. After a trial in the district court, judgment was rendered against all defendants. The defendants, other than the corporation and William G. White have appealed.

Appellants claim that the district court erred in finding: (1) That there had been any violation of the Blue Sky Law under the circumstances of this case; (2) that the defendants failed to obtain "necessary permits and licenses"; (3) that appellant Marvin Wilson sold securities in violation of law; (4) that defendants Deitemeyer,

York, Marsh, and Brown were at the time of the transaction officers and directors of the corporation; (5) that defendants Deitemeyer, York, Marsh, and Brown, as officers and directors, were "also liable for the acts and representations" of the defendant Marvin Wilson; and (6) that plaintiffs were entitled to recover under sections 81-347, R. R. S. 1943, and 81-348, R. S. Supp., 1963, against each of the appellants the sum of $2,500 plus interest from August 2, 1965. Further in assignments of error Nos. (7) and (8), appellants assert that the decision of the trial court is contrary to law and to the evidence.

After adducing evidence sufficient to make a prima facie case and to support each of the findings now complained about, the plaintiffs rested. The defendants then rested without offering any evidence.

There is little if any dispute in the evidence. The stock was issued by the National Management Corporation, Inc. No one obtained authorization from the Department of Banking to sell the stock, nor did any of the defendants obtain a permit to do business as a broker or salesman to deal in it. On August 2, 1965, Marvin Wilson went to the home of plaintiffs; told them he was selling stock in the corporation; showed them a prospectus; told them what a wonderful deal it would be; stated that it was going to be a lasting deal so they should put down their heirs; told them the names of those who were in it; and said that if this company did not get off the ground by the first of next May, plaintiffs would get their money back. The check for the $2,500 purchase price was made out by Mr. Wilson and signed by Charles Huryta. The check was made payable to "National Mang. Corp. Inc"; and on the lower left-hand corner has the words, "For 250 shares Pref. Stock." It was endorsed, "Frank Marsh - Secy - National Management Corp." It bears the stamp of a Lincoln bank dated August 4, 1965, and a stamp by the bank on which it was drawn showing it was paid on August 5, 1965. The stock certificate shows that it was issued by the

National Management Corporation, Inc., and signed by William G. White, president, and Frank Marsh, secretary. The certificate of stock was deposited with the clerk of the district court for the use and benefit of the defendants on the day this action was filed. No income nor recovery has ever been received thereon by plaintiffs.

Section 81-314, R. R. S. 1943, provided that: "No person or persons shall issue, sell, exchange, offer to sell or exchange, or solicit or promote the offer, sale or exchange * * * of any security * * * unless * * * specifically exempt pursuant to the provisions of section 81-312 * * * or unless * * * authorized for sale or exchange by the Department of Banking, * * *."

There is no evidence to show that the stock was exempt. It is clear that assignments of error Nos. (1), (2), and (3) are not valid.

The Articles of Incorporation of National Management Corporation, Inc., were dated May 27, 1965, and filed in the office of the Secretary of State of Nebraska on June 1, 1965. In the articles, defendants Deitemeyer, Marsh, York, and Brown are listed as directors; and defendants White, Deitemeyer, and Marsh are named as officers. The articles provide that the directors and officers named therein shall serve until the annual meeting of the stockholders in February 1966, or until their successors are elected and qualified. It is, of course, true that they might have resigned before August 2, 1965, when the stock was sold. Had they done so, they could have offered evidence to that effect and been relieved of liability, as were some of the directors in the case of Davis v. Walker, 170 Neb. 891, 104 N. W. 2d 479. Their status as directors and officers having been proved to exist on May 27, 1965, is presumed to have continued as long as is usual with things of that nature, in the absence of evidence to the contrary. Kidder v. Stevens, 60 Cal. 414. Assignment of error No. (4) is not valid.

Assignment of error No. (5) is also invalid, both upon the facts proved and on the basis of the holding in Davis

v. Walker, *supra,* to the effect that an officer or director of a seller who knew, or in the exercise of reasonable care should have known, of the facts by reason of which civil liability existed, may be individually liable with the seller to a purchaser of the securities under the provisions of sections 81-347, R. R. S. 1943, and 81-348, R. S. Supp., 1963.

A contract for the sale or a sale of securities in violation of the provisions of the Blue Sky Law is not void but voidable by the purchaser, and the purchaser's remedies embrace enforcement or rescission, whichever is appropriate. Loewenstein v. Midwestern Investment Co., 181 Neb. 547, 149 N. W. 2d 512.

The right of plaintiffs to rescind and recover their $2,500 was provided in section 81-347, R. R. S. 1943, as follows: "Any person, except a person who shall have obtained from the Department of Banking a permit to do business as a broker or salesman, who shall within the State of Nebraska sell, issue, exchange, or transfer any security or interest therein in violation of sections 81-302 to 81-346, shall be liable to the purchaser of the security for the value of the consideration paid by the purchaser less the amount of any income or recovery received thereon."

Section 81-348, R. S. Supp., 1963, provided in part that: "At the time such an action is commenced, the plaintiff shall deposit with the clerk of the district court for the use and benefit of the defendant the security involved in the action." The evidence shows that this requirement was met.

The appellants argue that plaintiffs were not defrauded. The Blue Sky Law was enacted for the protection of purchasers of stock. It required that the stock be submitted to the Department of Banking, with information from which it could be determined whether or not the stock represented a reasonably sound investment or only "Blue Sky." In this case a sale in violation of the Blue Sky Law was proved and no evidence was adduced by

defendants tending to show that the sale was not fraudulent. Section 81-335, R. R. S. 1943, provided: "Any issuance, assignment, sale, exchange or transfer of any securities in violation of any of the terms, provisions or purposes of sections 81-302 to 81-346, shall, in any civil action involving said act of issuance, assignment, sale, exchange or transfer, be deemed prima facie evidence of fraud upon the part of the issuer, assignor, transferor or seller." Assignment of error No. (6) is not valid.

From the foregoing discussion of the other assignments of error, it becomes clear that the general assignments of error Nos. (7) and (8) are not well-founded.

The trial court was correct in his findings of fact and the judgment based thereon should be and is affirmed.

AFFIRMED.